UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TOHO CO., LTD., | ) | Case No.: 23-cv-14720 |
| Plaintiff, | ) | |
| v. | ) | Judge: Honorable Franklin U. Valderrama |
| THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | ) | |
| | ) | Magistrate: Honorable Jeffrey Cole |
| Defendant. | ) | |

**DEFENDANT NO. 133**

**HOBBYKOLLECTIBLES'S ANSWER TO THE COMPLAINT**

I**,** Au Man Fai**,** declare and state as follows:

a. Defendant hobbykollectibles is the name of a store on Ebay and the defendant 133 identified on the schedule A in this case.

b. I hereby certify that this is my marketplace selling page and it is just a tool to sell items.

c. I am am personally liable for what I do, what I sell and any money I make or lose using this account.

d. The account name is simply equivalent to a trading name and there is no legal difference

e. I believe in Illinois, this aligns with a sole proprietor setup due to me being the sole person and personally liable for everything I do using my account.

f. Due to limited finances, I will be representing myself pro se as my tradename hobbykollectibles is named in the schedule A

I declare that the information provided by me above, is true and correct.

Therefore hobbykollectibles, (herein "Defendant") provides answers to the court as follows:

## JURIDICTION AND VENUE

1. **Defendant is without knowledge.** As such, in the abundance of caution, paragraph 1 is **denied**

2. **Defendant denies the allegation**. Defendant is an individual of Hong Kong and sold zero (0) of the allegedly infringing item to Illinois. Defendant had 1 of this item for sale. This item is the one shown in Plaintiff's screenshot evidence, however this was sold as long ago as March 2023. Due process typically requires that each online defendant intentionally direct their actions into the forum jurisdiction, and that "intent" standard requires defendant-specific fact. The complaint is very much a copy and paste of hundreds of other similar cases, where maybe a keyword has been searched and all results gathered in to one single complaint. Plaintiff has provided no evidence of any suit-related contacts between Defendant and anyone in Illinois. Defendant asserts there are no contacts that would allow the court to exercise either general or personal jurisdiction over Defendant. See Rubik's Brand, 2021 WL 825668, at *3–4 (distinguishing Hemi where the defendant "display[ed] products online that are shippable to Illinois" but "made no sales to Illinois residents"). Defendant displayed the product online but there is no evidence it targeted persons in Illinois, or that anyone in Illinois ever viewed them. Plaintiff cannot establish personal jurisdiction "simply by showing that the defendant maintained a website accessible to residents of the forum state and alleging that the defendant caused harm through that website." See Rubik's case No. 20-cv-5338 where it was proven. Defendant asserts this is insufficient to support personal jurisdiction.

## INTRODUCTION

3. Defendant has read and accepts paragraph 3.

4. **Defendant denies the allegation.** Defendant asserts that it has never created multiple accounts, and will not continue to register and acquire new accounts. Plaintiff has no reason to conclude this allegation. Defendant asserts that item was removed from sale as soon as informed of the allegations. Defendant asserts that it does not have other aliases and domains and does not conduct illegal activities. Defendant asserts the only thing in common with other defendants on the Schedule A, is that they are all online marketplace sellers. The layout of the products follows a structure that each marketplace determines. Defendant asserts that Plaintiff cannot base conclusions of connectivity between other defendants based on the fact they are selling products on the same or similar marketplaces. Defendant denies any relation to the other defendants on the Schedule A, and therefore Defendant is of the belief this method of lawsuit is totalling undermining the courts judicial economy. Being on a marketplace should not be a reason to link defendants.

5. **Defendant denies the allegation**. Plaintiff asserts Defendant (and other defendants) conduct "significant business in Illinois", however Defendant is an individual of Hong Kong and sold zero (0) of the allegedly infringing item. Defendant has not conducted any business in Illinois and has never even visited the USA. Defendant asserts the allegedly infringing item is genuine and was purchased in a retail store. Plaintiff's screenshot is dated 2019. **(EXHIBIT 1 )**

## THE PLAINTIFFS

6-12. Defendant has read paragraph 6-12. Defendant is without knowledge of the inner working of Plaintiff's business.

## THE DEFENDANTS

13. **Defendant admits** being an individual. **Defendant denies** that it targets the sales of items toward the United States. The primary aim is to sell to fans and collectors of these types of items across the world. Defendant is a collector also and a lot of items on the account are from their own personal collection. **Defendant denies** selling counterfeit GODZILLA products. All the items Defendant sells are genuine items. The allegedly infringing item was purchased from a retailer in Hong Kong a long time ago.

## THE DEFENDANTS' UNLAWFUL CONDUCT

14. **Defendant denies the allegation.** All the items Defendant sells are genuine items. The allegedly infringing item was purchased from a retailer in Hong Kong a long time ago. It is not counterfeit.

15. **Defendant denies the allegation.** Defendant did not design any such store. Instead, Defendant is a user of eBay and has minimal control of how things look. Defendant can and does uploads their own photos and writes the information in the description. The description is not designed in any way as to deceive consumers. Plaintiff has not spent time reading the description that talks about the Manufacturer, location it was made and many details, right down to finer details of condition of the box. Defendants asserts the allegedly infringing item is genuine. Defendant also denies Plaintiffs argument "offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos. Defendant does not offer anything of the sort. Ebay may provide their own support, but this is not Defendants and defendant and not advertise anywhere that this is available.

16.     **Defendant admits the allegation.** Defendant purchased the allegedly infringing item from a retailer in Honk Kong in good faith a number of years ago. Defendant asserts the item is genuine.

17.     **Defendant denies the allegation.** Defendant asserts the allegedly infringing item is genuine and is not deceiving anyone. The word GODZILLA is used as that is the model and exactly what the target consumers would be searching for. Similarly, other words are mentioned to describe what the product is, what the brand is etc. Defendant denies infringement.

18.     **Defendant denies the allegation.** Defendant asserts the eBay account was only created for legal activities of purchasing and selling. Plaintiff's allegations are sweeping statements. There are no defendant specifics facts provided and Plaintiff has no reason to make such a conclusory allegation towards Defendant.

19.     **Defendant denies the allegation.** Defendant does not have multiple fictitious names. As a sole proprietor, and proprietor can choose to trade under a name if they wish. When you choose to register for an eBay account, the same thing applies. Defendant chose their eBay ID and thus trademark to suit what they sell. Defendant sells genuine products that are purchased from retailers in Hong Kong.

20.     **Defendant denies the allegation.** Plaintiff makes baseless allegations without any supporting evidence. Defendant asserts there is no evidence and Defendant is not a counterfeiter.

21.     **Defendant denies the allegation.** Plaintiff makes baseless allegations without any supporting evidence. Defendant does not have offshore accounts, and does not operate multiple credit card merchant accounts. Plaintiff has based these conclusory allegations on previous cases and not defendant specific fact.

22.     **Defendant denies the allegation.** Defendant asserts the item is genuine.

23. **Defendant denies the allegation.** Defendant asserts the item is genuine.

## COUNT I

## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

24. Defendant hereby adopts and re-alleges the paragraphs 1-23 detailed above.

25. **Defendant denies the allegation.** Defendant asserts the item is genuine.

26. **Defendant denies the allegation.** Defendant asserts the item is genuine, purchased in good faith from a retailer in Hong Kong a number of years ago. Defendant does not need permission to sell on genuine items from their own personal collection, or purchased from a collector to then sell on.

27. **Defendant denies the allegation.** Defendant asserts the item is genuine and selling items from their own collection or purchased in good faith from retailers in Hong Kong.

28. **Defendant denies the allegation.** Defendant asserts the item is genuine.

29. **Defendant denies the allegation**. Defendant asserts the item is genuine. Plaintiff will not have suffered or have a potential to suffer injury and damages in the future. Defendant only had 1 of the allegedly infringing item. This was sold in March 2023, over 3 years after Plaintiff took a screenshot of it.

30. **Defendant denies the allegation**. Defendant asserts the item is genuine. Plaintiff will not have suffered or have a potential to suffer injury and damages in the future.

## COUNT II

## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

31. Defendant hereby adopts and re-alleges the paragraphs 1-30 detailed above.

32. **Defendant denies the allegation.** Defendant asserts that goods for sale on their eBay account are not counterfeit. They have not been widely advertised throughout the United States and a screenshot of an item that Plaintiff has gone out of its way to find does not constitute being widely advertised, plus any alleged advertising in the US didn't work as it took over 3 years to sell after Plaintiff first saw it.

33. **Defendant denies the allegation.** Defendant asserts the item is genuine.

34. **Defendant denies the allegation.** Defendant asserts the item is genuine and only sell genuine items from their own personal collection or purchased in good faith from retailers in Hong Kong.

35. **Defendant denies the allegation**. Defendant asserts the item is genuine. Plaintiff will not have suffered or have a potential to suffer injury and damages in the future.

## COUNT III
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))

36. Defendant hereby adopts and re-alleges the paragraphs 1-35 detailed above.

37. Defendant accepts paragraphs 37 – 38 inclusive as statements and not allegations. However, in the abundance of caution, paragraphs 37-38, inclusive, are denied.

39. **Defendant denies the allegation.** Defendant has not created the allegedly infringing item that was for sale, nor any other products they have for sale. Defendant asserts the allegedly infringing item is genuine and purchased from a retail store in Hong Kong. The creator and location of the manufacturer are detailed in the item description.

40. **Defendant denies the allegation.** Defendant does not create products. Defendant asserts the allegedly infringing item is genuine and purchased in good faith from a retail store in Hong Kong many years ago.

41. Defendant accepts paragraphs 41 as a statement and not an allegation. However, in the abundance of caution, paragraph 41, is denied.

42. **Defendant denies the allegation.** Defendant does not create products. Defendant asserts the allegedly infringing item is genuine and purchased in good faith from a retail store in Hong Kong many years ago. Defendant is not infringing.

43. **Defendant denies the allegation**. Defendant asserts the item is genuine. Defendant has not profited from any infringement. Defendant assert it is not infringing.

44. **Defendant denies the allegation**. Defendant asserts the item is genuine and is not infringing.

45. **Defendant denies the allegation**. Defendant asserts the item is genuine. Plaintiff is not entitled to any relief as the item is not infringing.

46. **Defendant denies the allegation**. Defendant asserts the item is genuine. Plaintiff is not entitled to any relief as the item is not infringing.

## COUNT IV
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510/1, et seq.)

47. Defendant hereby adopts and re-alleges the paragraphs 1-46 detailed above.

48. **Defendant denies the allegation**. Defendant asserts the item is genuine and is not violating any laws.

49. **Defendant denies the allegation**. Defendant is not violating anything.

50. **Defendant denies the allegation**. Defendant asserts the item is genuine. Plaintiff will not have suffered or have a potential to suffer damages and irreparable harm in the future.

Defendant denies each and every allegation in the Complaint that is not expressly admitted herein.

With respect to all paragraphs in which Plaintiff prays for damages or other relief, Defendant denies that Plaintiff is entitled to such relief under law.

## AFFIRMATIVE DEFENCES

Defendant asserts the following affirmative defences without assuming the burden of proof on such defences that would otherwise rest on Plaintiffs.

  A. **AS AND FOR A FIRST AFFIRMATIVE DEFENCE: failure to state a cause of action:** Plaintiff's Complaint fails to state a claim upon which relief can be granted. Defendant has only made sales of genuine products.

  B. **AS AND FOR A SECOND AFFIRMATIVE DEFENCE**: **non-infringement:** Defendant has not infringed any applicable trademark under federal or state law.

  C. **AS AND FOR A THIRD AFFIRMATIVE DEFENCE: no wilfulness**: Without admitting any infringement, Defendant have not wilfully infringed on any trademarks-in-suit.

  D. **AS AND FOR A FORTH AFFIRMATIVE DEFENCE: innocent infringement**: The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, were innocent.

  E. **AS AND FOR A FIFTH AFFIRMATIVE DEFENCE: no causation**: Plaintiff's claims against Defendant are barred because Plaintiff's damages, if any, were not caused by Defendant.

  F. **AS AND FOR A SIXTH AFFIRMATIVE DEFENCE: no damage**: Without admitting that the Complaint states a claim, there has been no damage in any amount, manner, or

at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

G. **AS AND FOR A SEVENTH AFFIRMATIVE DEFENCE: lack of irreparable harm**: Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show it will suffer any irreparable harm from Defendant's alleged actions

H. **AS AND FOR AN EIGHTH AFFIRMATIVE DEFENCE: no exceptional case**: Defendant's actions in defending this case do not give rise to an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117, or other applicable laws

I. **AS AND FOR A NINTH AFFIRMATIVE DEFENCE: reservation of rights**: Defendant reserves the right to amend these separate affirmative defences and counterclaims upon the completion of appropriate investigation and discovery.

### FINAL REMARK FROM DEFENDANT AND PRAYER FOR RELIEF

Please refer to the Declaration of Dean Eric Goldman, Emoji Co. GmbH v. the Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto, No. 21-cv-1739 (N.D. Ill. filed Aug. 1, 2021).

He argued a case for IP "trolling". Defendant believes this lawsuit involves intellectual property "trolling." As defined by Dean Eric Goldman in his declaration on the above case.

Dean Eric Goldman states the following as a key indicator of the IP trolls:

- Suing a high volume of defendants in a short period of time.
- Naming many defendants in a single complaint to save filing fees.
- Recycling generic complaints to reduce upfront costs.
- Voluntarily dismissing many defendants.

- Taking advantage of defendants' vulnerability to increase the defendants' motivation to settle quickly.
- Over claiming rights to an asset that marginally qualifies for IP protection or does not qualify for IP protection at all.

I, Au Man Fai, the defendant hobbykollectibles, hereby respectfully prays for an order to be entered:

1. Dismissing each of the claims with prejudice, and relief requested, in Plaintiff's Complaint in its entirety
2. Granting hobbykollectibles costs and expenses incurred defending this matter; and
3. Granting hobbykollectibles all other appropriate relief

Alternatively, if the court considers it unnecessary to dismiss Plaintiff's complaint, hobbykollectibles hereby respectfully requests the court to withdraw the injunction order and/or enter a judgement.

DATED 7 Dec 2023                                Respectfully submitted,

                                                                /s/ Au Man Fai
                                                        _____
                                                                Defendant 133
                                                                hobbykollectibles
                                                                hobbymen@yahoo.com
                                                                Rm07 17/F., Pak King House
                                                                No.2-26 Wu Shan Road
                                                                Siu Shan Court
                                                                Tuen Mun, NT, Hong Kong
                                                                pro se litigant

**CERTIFICATE OF SERVICE**

The undersigned individual hereby certifies that a true and correct copy of the foregoing Declaration was electronically filed with the Clerk of the Court, served by email to the Plantiff's attorneys identified below and served on all counsel of record and interested parties via the CM/ECF system on December 06, 2023.

/s/ Au Man Fai

Michael A. Hierl (Bar No. 3128021)
William B. Kalbac (Bar No. 6301771)
Robert P. McMurray (Bar No. 6324332)
Hughes Socol Piers Resnick & Dym, Ltd.
Three First National Plaza
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100 Telephone
mhierl@hsplegal.com

Attorneys for Plaintiff
TOHO CO., LTD.